# ORIGINAL

1  Christopher T. Heffelfinger (Bar No. 118058)
   **BERMAN DeVALERIO**
2  425 California Street, Suite 2100
   San Francisco, CA 94104
3  Tel: (415) 433-3200
   Fax: (415) 433-6382
4  Email: cheffelfinger@bermandevalerio.com

5  Mary Jane Fait
   Adam J. Levitt
6  Michael D. Yanovsky
   **WOLF HALDENSTEIN ADLER**
7   **FREEMAN & HERZ LLC**
   55 West Monroe Street, Suite 1111
8  Chicago, IL 60603
   Tel: (312) 984-0000
9  Fax: (312) 984-0001
   Email: fait@whafh.com
10 Email: levitt@whafh.com
   Email: yanovsky@whafh.com

11

12 *Counsel for Plaintiff*

13 [Additional counsel listed on signature page]

14

FILED

2009 OCT 29 P 1: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA-SAN JOSE

ADR

E-filing

Paid
$1
10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| AMBER NIKKEL, on behalf of herself and all others similarly situated, | Civil Action No. **C09-05135** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SONY CORPORATION; SONY OPTIARC INC.; SONY OPTIARC AMERICA INC.; TOSHIBA CORPORATION; SAMSUNG ELECTRONICS COMPANY, LTD.; TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION; HITACHI, LTD.; HITACHI-LG DATA STORAGE INC.; LG ELECTRONICS INC.; and NEC CORPORATION, | **CLASS ACTION** |
| Defendants. | |

RS

1    Plaintiff Amber Nikkel, on behalf of herself and all others similarly situated (the

2  "Class"), brings this action for damages and injunctive relief under the antitrust laws of the

3  United States against the defendants Sony Corporation; Sony Optiarc Inc.; Sony Optiarc

4  America Inc.; Toshiba Corporation; Toshiba Samsung Storage Technology Corporation;

5  Samsung Electronics Company, Ltd.; Hitachi Ltd.; Hitachi-LG Data Storage Inc.; LG

6  Electronics Inc.; and NEC Corporation (collectively "Defendants," unless separately identified),

7  and alleges on information and belief as follows:

8  **I.       INTRODUCTION**

9    1.    Plaintiff brings this antitrust class action on behalf of all persons and entities who

10  directly purchased an Optical Disc Drive, or a product containing an Optical Disc Drive, in the

11  United States from the Defendants, any subsidiaries or affiliates thereof, or any co-conspirators

12  as identified in this Complaint from at least 2005 to the present (the "Class Period"). Optical

13  Disc Drives include CD, DVD, and Blu-ray drives used in personal computers. As used herein,

14  "Optical Disc Drive Products" refers to Optical Disc Drives, and products containing Optical

15  Disc Drives, manufactured by any of the Defendants or their subsidiaries, affiliates, or co-

16  conspirators.

17    2.    Beginning in at least 2005, Defendants engaged in a conspiracy to fix, raise, or

18  maintain the prices of Optical Disc Drive Products sold in the United States in violation of

19  Section 1 of the Sherman Act, 15 U.S.C. § 1.  As a result of Defendants' unlawful conduct,

20  Plaintiff and the other members of the Class paid higher prices for Optical Disc Drive Products

21  than they would have paid in a competitive market.

22  **II.      JURISIDCTION AND VENUE**

23    3.    Plaintiff brings this action to obtain injunctive relief and to recover damages,

24  including treble damages, costs of suit, and reasonable attorneys' fees arising from Defendants'

25  violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

26    4.    The Court has subject matter jurisdiction pursuant to Sections 4 and 16 of the

27  Clayton Act, 15 U.S.C. § 15 and 26 and 28 U.S.C. §§ 1331 and 1337.

28

1    5.    Venue is proper in this judicial district pursuant to Section 12 of the Clayton Act,

2    15 U.S.C. § 22, and 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events

3    giving rise to plaintiffs' claims occurred in this district, a substantial portion of the affected

4    interstate trade and commerce was carried out in this district, and one or more of the defendants

5    reside in this district.

6    6.    Defendants are subject to the jurisdiction of this Court by virtue of their

7    nationwide contacts and other activities, as well as their contacts with the State of California.

8    **III.    PARTIES**

9    ***Plaintiff***

10    7.    Amber Nikkel, is a resident of the city of Chicago, State of Illinois. During the

11    Class Period, Plaintiff purchased an Optical Disc Drive Product directly from one of the

12    Defendants and suffered injury as a result of Defendants' unlawful conduct.

13    ***Defendants***

14    8.    Sony Corporation ("Sony Corp.") is a Japanese company with its principal place

15    of business at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan. Sony Corp. is the parent

16    corporation of defendant Sony Optiarc Inc., and ultimate parent of defendant Sony Optiarc

17    America, Inc. During the Class Period, Sony Corp. manufactured, sold and/or distributed

18    Optical Disc Drive Products to customers throughout the United States, either directly or through

19    its affiliated companies.

20    9.    Sony Optiarc Inc. ("Sony Optiarc") is a Japanese company with its principal place

21    of business at 4-16-1 Okata, Atsugi-Shi, Kanagawa, 243-0021, Japan. Sony Optiarc is a wholly-

22    owned subsidiary of defendant Sony Corp. and the parent corporation of defendant Sony Optiarc

23    America, Inc. Prior to 2008, when NEC Corporation sold its interest to Sony Corp., Sony Optiarc

24    was known as Sony NEC Optiarc Inc., a joint venture between Sony Corporation and NEC

25    Corporation. During the Class Period, Sony Optiarc manufactured, sold and/or distributed

26    Optical Disc Drive Products to customers throughout the United States, either directly or through

27    its affiliated companies.

28

1      10.    Sony Optiarc America Inc. ("Sony Optiarc America") is an American company

2 with its principal place of business at 1730 North First Street, San Jose, California 95112. Sony

3 Optiarc America is a wholly-owned subsidiary of defendant Sony Optiarc. During the Class

4 Period, Sony Optiarc America manufactured, sold and/or distributed Optical Disc Drive Products

5 to customers throughout the United States, either directly or through its affiliated companies.

6      11.    Toshiba Corporation ("Toshiba") is a Japanese company with its principal place

7 of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. Toshiba owns 51% of

8 defendant Toshiba Samsung Storage Technology Corporation. During the Class Period, Toshiba

9 manufactured, sold and/or distributed Optical Disc Drive Products to customers throughout the

10 United States, either directly or through its affiliated companies.

11      12.    Samsung Electronics Co., Ltd. ("Samsung") is a Korean company with its

12 principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul

13 100-742, Korea. Samsung Electronics owns 49% of defendant Toshiba Samsung Storage

14 Technology Corporation. During the Class Period, Samsung manufactured, sold and/or

15 distributed Optical Disc Drive Products to customers throughout the United States, either directly

16 or through its affiliated companies.

17      13.    Toshiba Samsung Storage Technology Corporation ("TSST") is a Japanese

18 company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, 105-

19 8001, Japan. TSST is a joint venture between defendants Toshiba and Samsung. During the

20 Class Period, TSST manufactured, sold and/or distributed Optical Disc Drive Products to

21 customers throughout the United States, either directly or through its affiliated companies.

22      14.    Hitachi, Ltd. ("Hitachi") is a Japanese company with its principal place of

23 business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan. Hitachi owns 51%

24 of defendant Hitachi-LG Data Storage Inc. During the Class Period, Hitachi manufactured, sold

25 and/or distributed Optical Disc Drive Products to customers throughout the United States, either

26 directly or through its affiliated companies.

27      15.    LG Corporation ("LG") is a Korean company with its principal place of business

28 at LG Twin Towers, 20 Youido-dong, Yeongdeungpo-gu, Seoul, 150-721, Korea. LG owns 49%

1    of defendant Hitachi-LG Data Storage Inc. During the Class Period, LG manufactured, sold

2    and/or distributed Optical Disc Drive Products to customers throughout the United States, either

3    directly or through its affiliated companies.

4         16.    Hitachi-LG Data Storage Inc. ("Hitachi-LG") is a Japanese and Korean company

5    with their principal places of businesses at 4F MSC Center Bldg., 22-23, Kaigan 3-chome,

6    Minato-ku, Tokyo, 108-0022, Japan and LG Gasan Digital Center, 459-9, Gasan-dong,

7    Geumcheon-gu, Seoul, 153-803, Korea. Hitachi-LG is a joint venture between defendants

8    Hitachi and LG. During the Class Period, Hitachi-LG manufactured, sold and/or distributed

9    Optical Disc Drive Products to customers throughout the United States, either directly or through

10   its affiliated companies.

11        17.    NEC Corporation ("NEC") is a Japanese company with its principal place of

12   business at 7-1 Shiba, 5-chome, Minato-Ku, Tokyo, 108-8001, Japan. Prior to 2008, NEC owned

13   45% of defendant Sony Optiarc. During the Class Period NEC manufactured, sold and/or

14   distributed Optical Disc Drive Products to customers throughout the United States, either directly

15   or through its affiliated companies.

16   **IV.    AGENTS AND CO-CONSPIRATORS**

17        18.    Defendants' conduct, as alleged herein, was authorized, ordered, or done by their

18   officers, agents, employees, or representatives, while actively engaged in the management and

19   operation of Defendants' businesses or affairs.

20        19.    Each Defendant acted as the principal, agent, or joint venturer of, or for, other

21   Defendants with respect to the acts, violations, and common course of conduct Plaintiff alleges

22   herein.

23        20.    Various persons and/or firms not named as Defendants in this Complaint

24   participated as co-conspirators in the violations alleged herein and may have performed acts and

25   made statements in furtherance thereof.

26

27

28

**V.    CLASS ACTION ALLEGATIONS**

21.    Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). The Class is defined as follows:

> All persons and entities who, beginning in 2005 to the present, directly purchased an Optical Disc Drive Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

22.    The Class definition encompasses those who bought an Optical Disc Drive Product directly from a Defendant, even if the Optical Disc Drive contained therein was manufactured by an affiliated entity, principal, agent, or co-conspirator.

23.    Plaintiff does not know the exact size of the Class because such information is in Defendants' exclusive control. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the Class members are numerous and geographically dispersed throughout the United States, rendering joinder of all Class members impracticable.

24.    The questions of law or fact common to the Class include but are not limited to:

(a)    whether Defendants engaged in a contract, combination, and/or conspiracy to fix, raise, maintain, or stabilize prices of Optical Disc Drive Products sold in the United States;

(b)    whether Defendants engaged in a contract, combination, and/or conspiracy to restrict output of Optical Disc Drive Products sold in the United States;

(c)    whether Defendants' conduct caused the prices of Optical Disc Drive Products sold in the United States to be at artificially high and noncompetitive levels;

(d)    whether Plaintiff and the other members of the Class were injured by Defendants' conduct, and, if so, the appropriate class-wide measure of damages for Class members; and

(e)     whether Plaintiff and the other members of the Class are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief.

25.     These and other questions of law and fact are common to the Class, and predominate over any questions affecting only individual Class members.

26.     Plaintiff's claims are typical of other Class members' claims because Plaintiff directly purchased Optical Disc Drive Products from one or more of the Defendants.

27.     Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff is a direct purchaser of Optical Disc Drive Products and has no conflict with any other Class member.  Furthermore, Plaintiff has retained competent counsel experienced in antitrust, class action, and other complex litigation.

28.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

29.     This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. Prosecution as a class action will eliminate the possibility of repetitive litigation. There will be no material difficulty in the management of this action as a class action.

30.     The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

## VI.     TRADE AND COMMERCE

31.     During the Class Period, each Defendant, or one or more of its affiliated companies, sold Optical Disc Drive Products in the United States in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through and into this District.

32.     During the Class Period, Defendants collectively controlled a large share of the market for Optical Disc Drive Products, both globally and in the United States.

1    33.    Defendants' business activities substantially affected interstate trade and

2    commerce in the United States and caused antitrust injury in the United States.

3    **VII.    GOVERNMENT INVESTIGATIONS**

4    34.    In October 2009, the United States Department of Justice ("DOJ") acknowledged

5    that it had commenced an investigation into anticompetitive conduct in the optical disc drive

6    industry and that in connection with that investigation it had served subpoenas on defendants

7    Sony Optiarc America, Hitachi-LG, and TSST.

8    35.    On October 23, 2007, Defendant Sony filed its Form 6-K with the United States

9    Securities and Exchange Commission, confirming that investigation and stating:

> Sony Corporation said today that its U.S. subsidiary, Sony Optiarc
> America Inc., has received a subpoena from the U.S. Department
> of Justice (DOJ) Antitrust Division seeking information about its
> optical disk drive business. Sony understands that the DOJ and
> agencies outside the United States are investigating competition in
> optical disk drives. Sony intends to cooperate fully with the DOJ
> and other agencies in this inquiry.

14    36.    In October 2009, Defendants Hitachi and Toshiba also acknowledged that their

15    optical disc drive operations – Hitachi-LG and TSST – had received subpoenas from the DOJ in

16    connection with its investigation into the optical disc drive industry.

17    37.    Hitachi also confirmed that its optical disc drive unit was under investigation by

18    European Union and Singapore regulators. Toshiba also revealed that its optical disc drive unit

19    was also answering queries from authorities in other regions.

20    **VIII.    FRAUDULENT CONCEALMENT**

21    38.    Plaintiff had neither actual nor constructive knowledge of the facts supporting her

22    claim for relief despite diligence in trying to discover the pertinent facts. Plaintiff and the other

23    members of the Class did not discover, and could not have discovered through the exercise of

24    reasonable diligence, the existence of the conspiracy alleged herein until October 2009, when the

25    DOJ investigation became public. Defendants engaged in a secret conspiracy that did not give

26    rise to facts that would put Plaintiff or the other members of the Class on inquiry notice that there

27    was a conspiracy to fix the prices of Optical Disc Drive Products.

28

1    39.    As a result of Defendants' fraudulent concealment of their conspiracy, the running

2    of any statute of limitations has been tolled with respect to any claims of Plaintiff and the other

3    members of the Class arising from the anticompetitive conduct alleged in this Complaint.

4    **IX.    CLAIM FOR VIOLATIONS OF 15 U.S.C. 1**

5    40.    Plaintiff incorporates by reference all the above allegations as if fully set forth

6    herein.

7    41.    Beginning no later than 2005, the exact date being unknown to Plaintiff and

8    exclusively within Defendants' knowledge, Defendants and their co-conspirators entered into a

9    continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in

10   violation of Section 1 of the Sherman Act (15 U.S.C. § 1) by artificially reducing or eliminating

11   competition in the United States for Optical Disc Drive Products.

12   42.    In particular, Defendants combined and conspired to raise, fix, maintain, and/or

13   stabilize the prices of Optical Disc Drive Products sold in the United States.

14   43.    As a result of Defendants' unlawful conduct, prices for Optical Disc Drive

15   Products were raised, fixed, maintained, and/or stabilized in the United States.

16   44.    The contract, combination, or conspiracy among Defendants consisted of a

17   continuing agreement, understanding, and concerted action among Defendants and their co-

18   conspirators.

19   45.    For purposes of formulating and effectuating their contract, combination, or

20   conspiracy, Defendants and their co-conspirators did those things they contracted, combined, or

21   conspired to do, including:

22        (a)    participating in meetings and conversations to discuss the prices and

23               supply of Optical Disc Drive Products;

24        (b)    communicating in writing and orally to fix target prices and price ranges

25               for Optical Disc Drive Products;

26        (c)    agreeing to manipulate prices and supply of Optical Disc Drive Products

27               sold in the United States in a manner that deprived direct purchasers of

28               free and open competition;

(d)     issuing price announcements and price quotations in accordance with the agreements reached;

(e)     selling Optical Disc Drive Products to customers in the United States at non-competitive prices;

(f)     exchanging competitively sensitive information in order to facilitate their conspiracy; and

(g)     agreeing to maintain or lower production capacity.

46.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class were injured in their businesses and property in that they paid more for Optical Disc Drive Products than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## X.     REQUEST FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment on her behalf and on behalf of the Class herein, adjudging and decreeing that:

A.     This action may proceed as a class action, with Plaintiff as the designated Class representative and her counsel as Class Counsel;

B.     Defendants engaged in a contract, combination, and conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Plaintiff and the other members of the Class were injured in their business and property as a result of Defendants' violations;

C.     Plaintiff and the other members of the Class shall recover damages sustained by them, as provided by the federal antitrust laws, and a joint and several judgment in favor of Plaintiff and the other members of the Class shall be entered against the Defendants in an amount to be trebled in accordance with such laws;

D.     Defendants, their subsidiaries, affiliates, successors, transferees, assignees and the respective officers, directors, partners, agents, and employees thereof and all other persons acting or claiming to act on their behalf, shall be permanently enjoined

1     and restrained from continuing and maintaining the combination, conspiracy or

2     agreement alleged herein;

3   E.     Plaintiff and the other members of the Class shall be awarded pre-judgment and

4     post-judgment interest, and such interest shall be awarded at the highest legal rate

5     from and after the date of service of the initial complaint in this action;

6   F.     Plaintiff and the other members of the Class shall recover their costs of this suit,

7     including reasonable attorneys' fees as provided by law; and

8   G.     Plaintiff and the other members of the Class shall receive such other or further

9     relief as may be just and proper.

10 **XI.   JURY TRIAL DEMANDED**

11     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury

12 trial as to all claims and issues so triable.

13 Dated: October 29, 2009         Respectfully submitted,

14                       **BERMAN DeVALERIO**

15

16                       By:

17                       Christopher T. Heffelfinger

18                       425 California Street, Suite 2100

19                       San Francisco, CA 94104
                      Phone: (415) 433-3200

20                       Fax: (415) 433-6382
                      Email: cheffelfinger@bermandevalerio.com

21                       Mary Jane Fait

22                       Adam J. Levitt

23                       Michael D. Yanovsky
                      **WOLF HALDENSTEIN ADLER**

24                        **FREEMAN & HERZ LLC**
                      55 West Monroe Street, Suite 1111

25                       Chicago, IL 60603
                      Tel: (312) 984-0000

26                       Fax: (312) 984-0001
                      Email: fait@whafh.com

27                           levitt@whafh.com

28                           yanovsky@whafh.com

[*NIKKEL V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT           10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Francis M. Gregorek
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLC**
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Tel:  (619) 239-4599
Fax: (619) 234-4599
Email: gregorek@whafh.com

*Counsel for Plaintiff*